IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MICHELLE L. ALMANZA, | ) | |
| | ) | |
| Plaintiff, | ) | CIV NO. 3:15-cv-389 |
| | ) | (VARLAN/GUYTON) |
| v. | ) | |
| | ) | |
| LORETTA E. LYNCH, | ) | |
| Attorney General, | ) | |
| United States Department of Justice, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

The United States Department of Justice (hereinafter "Defendant"), by and through Attorney General Loretta E. Lynch, United States Attorney Carter M. Stewart, and Special Attorneys Christopher R. Yates and Brandi M. Stewart, hereby responds to Plaintiff's Complaint (Doc. #1) as follows:

## NATURE OF THE CASE

1.    Defendant admits that Plaintiff's cause of action is brought pursuant to 42 U.S.C. §2000e et seq., and 29 U.S.C. § 626 et seq.

## JURISDICTION AND VENUE

2.    The allegations contained in Paragraph 2 of Plaintiff's Complaint constitute conclusions of law for which no response is required.  To the extent a response is required, Defendant admits that, in this action, Plaintiff is asserting claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e.  Defendant otherwise denies knowledge

1

sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.     The allegations contained in Paragraph 3 of Plaintiff's Complaint constitute conclusions of law for which no response is required. To the extent a response is required, Defendant admits that venue is appropriate in the Eastern District of Tennessee for the allegations outlined in Plaintiff's Complaint. Defendant expressly denies, however, that Plaintiff was the victim of discrimination under 42 U.S.C. § 2000e, 29 U.S.C. § 626 or any other law.

## CONDITIONS PRECEDENT

4.     The allegations contained in Paragraph 4 of Plaintiff's Complaint constitute conclusions of law for which no response is required. To the extent a response is required; Defendant denies the allegations in Paragraph 4 of Plaintiff's Complaint.

## THE PARTIES

5.     Defendant admits that Plaintiff is a former employee of the United States Attorney's Office for the Eastern District of Tennessee (USAO), as an Information Technology Specialist. Defendant admits that the USAO is a part of the Department of Justice. Defendant otherwise denies knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.     Defendant admits that the Honorable Loretta E. Lynch is the Attorney General of the United States and is the head of the Department of Justice. Defendant further admits that the Department of Justice is part of the Executive Branch of the United States government.

2

## FACTUAL ALLEGATIONS

7.     The allegations contained in Paragraph 7 of Plaintiff's Complaint constitute conclusions of law for which no response is required.  To the extent a response is required, Defendant admits that during the timeframe referenced in the complaint, Plaintiff was employed by the Department of Justice.

8.     Defendant admits the allegations in Paragraph 8 of Plaintiff's Complaint.

9.     Defendant denies knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.    Defendant expressly denies that Plaintiff was constructively discharged from her employment with the USAO in 2014 or at any point in time.  Defendant otherwise admits that Plaintiff began working for the Department of Justice in June 2008, as an IT Specialist in the USAO.  Defendant also admits that Plaintiff's duty station was in Knoxville, Tennessee.  Defendant further admits that at the time Plaintiff voluntarily resigned from her position, she was a GS-12 IT Specialist.

11.    Defendant denies knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.    Defendant admits that Plaintiff received awards while employed at the USAO, including in 2014.  Defendant admits that the entire USAO Administrative Division, including Plaintiff, was nominated, as a group, for a Director's Award for "Superior Performance by an Administrative Team" in approximately 2013 or 2014.  Defendant denies knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

3

13. Defendant admits that Plaintiff received Quality Step Increases (QSIs) during her tenure at the USAO. Defendant denies knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant admits the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendant admits that Mr. English's official job title in the USAO is Systems Manager, which is a supervisory position. Defendant further admits that Plaintiff's official job title in the USAO was IT Specialist, but her position description indicated that she was an "alternate IT systems manager." Defendant denies that, apart from Mr. English's supervisory duties, Plaintiff's job duties were "essentially the same" as Mr. English.

16. Defendant admits that Mr. English's first level supervisor was Administrative Officer (AO) Jane L. Archer until she retired from the Department of Justice in August 2014. Defendant also admits that, following Ms. Archer's retirement, Mr. English's first-level supervisor became First Assistant United States Attorney (FAUSA) Nancy S. Harr, who served as the USAO's Acting AO from approximately August 2014 until February 2015. Defendant further admits that FAUSA Harr and AO Archer, along with the other members of the hiring committee, were involved in the decision to hire Mr. English for the position of Systems Manager in the USAO.

17. Defendant admits that Mr. English's employment with the USAO began in January 2012. Defendant also admits that, on or about October 29, 2012, the USAO hired Robert Irving, a part-time student, to perform IT-related duties and litigation support as a GS-1. Defendant admits that Mr. Irving was a GS-5 IT Specialist in 2014. Defendant otherwise denies the remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

4

18. Defendant admits that a contractor hired by the Defendant appointed one of its contractor personnel, William Heckman, in approximately November 2013, for IT and litigation support in the USAO branch office in Chattanooga, Tennessee. Defendant further admits that the USAO hired Mr. Heckman as a full time, GS-5 employee in approximately February 2015. The Defendant denies the remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant admits that Mr. English wanted all of his employees to be cross-trained in every aspect of IT services – including litigation support – that he and his staff were expected to provide to USAO employees. Defendant denies the allegation that Mr. English instructed Plaintiff to train the student employee "in her IT job duties."

20. Defendant expressly denies that Mr. English treated Plaintiff differently and/or worse than any younger male USAO employee or contractor. Defendant denies knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant admits that, in March 2013, Mr. English met with Plaintiff to discuss her 2012 performance appraisal. Defendant denies that Mr. English provided a discriminatory and unfair performance rating for Plaintiff's critical performance element known as "Systems Administration." Defendant denies the remaining allegations in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies that Mr. English engaged in any hostile and discriminatory treatment toward Plaintiff. Defendant otherwise denies knowledge sufficient to form a belief as to

the truth or falsity of the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant admits that on or about May 15, 2014, Ms. Archer met with Plaintiff and Mr. English and notified Plaintiff that Ms. Archer would assume temporary supervisory responsibility over Plaintiff for at least the period of the next 120 days. Further answering, on or about May 23, 2014, Ms. Archer clarified that she was not assuming official supervisory responsibility, but was providing oversight – while Mr. English would retain his supervisory role and make task assignments. Defendant denies the remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendant admits that Mr. English issued Plaintiff a Letter of Reprimand on July 17, 2014. Defendant denies that the Letter of Reprimand was unwarranted, discriminatory and/or retaliatory. Defendant denies the remaining allegations in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies that Plaintiff was subjected to an unwarranted disciplinary action and/or continuing hostility. Defendant admits that Plaintiff filed a pre-complaint with the Executive Office for United States Attorney's (EOUSA) Equal Employment Opportunity Staff (EEO Staff) on July 30, 2014. Defendant otherwise denies knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

6

30.    Defendant denies that Mr. English engaged in heightened scrutiny and/or constant criticism of Plaintiff.  Defendant denies knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint.

31.    Defendant admits that Plaintiff filed a grievance in response to the July 17, 2014 Letter of Reprimand and Ms. Archer, as the designated Grievance Official, denied Plaintiff's grievance.  Defendant denies knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 31 of Plaintiff's Complaint.

32.    Defendant admits that Ms. Archer retired from the USAO in August 2014 and Ms. Harr became the Acting AO and served as Mr. English's first-level supervisor. Defendant denies the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint.

33.    Defendant admits that Plaintiff copied Ms. Harr on some of her email communications to Mr. English and/or Ms. Archer.  Defendant also admits that Mr. English and/or Ms. Archer may have copied Ms. Harr on some of their email communications to Plaintiff. Defendant denies knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.    Defendant admits that on August 29, 2014, after Ms. Harr became Mr. English's first level supervisor, Ms. Harr sent an email to Plaintiff that was intended for Mr. English. Defendant also admits that, immediately thereafter, Ms. Harr sent another email to Plaintiff on August 29, 2014 that read: "I meant to send this to Chris.  However, this is what I am seeing in your email traffic.  You should respond to direct requests from senior management, and you should not engage in debates over directions."  Defendant denies

7

that the tone and substance of Ms. Harr's message indicated that Ms. Harr was not an objective party to whom Plaintiff could turn for assistance.

35.     Defendant denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 and subparagraphs a-l of Plaintiff's Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     Defendant denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39.     Defendant admits that Plaintiff accepted an offer of employment in the United States Attorney's Office for the Western District of Wisconsin and November 28, 2014 was her last day at the USAO.  Defendant denies the remaining allegations in Paragraph 39 of Plaintiff's Complaint.

40.     Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43.     Defendant incorporates Paragraph 26 of its Answer as if fully restated herein, and denies the remaining allegations contained in Paragraph 43 of Plaintiff's Complaint.

44.     Defendant admits that Ms. Archer explained that Plaintiff would be removed from the Systems Manager e-mail distribution group.  Defendant denies the allegation that Mr. English sought her removal from his group in order to isolate her from the IT group and distance himself from her ability to view his work.  Defendant denies the remaining allegations contained in Paragraph 44 of Plaintiff's Complaint.

45.     Defendant admits that on May 19, 2014, Mr. English sent an email to Plaintiff and Mr. Irving, instructing them both to send an email to Mr. English when they went to lunch and when they returned.  Defendant further admits that it was agreed that all IT staff would use the whiteboard in the IT conference room to display when they were leaving the building.  Defendant denies the remaining allegations contained in Paragraph 45 of Plaintiff's Complaint.

46.     Defendant incorporates Paragraph 26 of its Answer as if fully stated herein and further admits that, following a discussion between Ms. Archer and Plaintiff on or about June 5, 2014, Ms. Archer sent an email to Plaintiff on or about June 6, 2014 that indicated Plaintiff's timesheets should be submitted to Mr. English.  Defendant denies the remaining allegations contained in Paragraph 46 of Plaintiff's Complaint.

47.     Defendant denies the allegations in the first sentence of Paragraph 47 of Plaintiff's Complaint.  Defendant denies knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in the last sentence of Paragraph 47 of Plaintiff's Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.     Defendant admits that Mr. Irving contacted Mr. English for direction about a power outage in approximately June 2014.  Defendant further admits that Mr. English worked on the outage with Mr. Irving.  Defendant denies that Plaintiff, alone, "was responsible for such issues as Assistant Systems Manager."  Defendant otherwise denies knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 49 of Plaintiff's Complaint.

9

50.     Defendant admits that Plaintiff sent emails to Mr. English that challenged his supervisory authority or role as Systems Manager in the USAO.  Defendant further admits that on or about June 10, 2014, Ms. Archer called Plaintiff into her office and counseled Plaintiff about her conduct, including the content of specific emails that she sent to Mr. English. Defendant denies the remaining allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     Defendant admits that Plaintiff sent an email to Ms. Archer on or about June 11, 2014, and later forwarded that message to Ms. Harr on the same date.  Defendant further admits that Ms. Archer and Ms. Harr scheduled a meeting with Plaintiff on July 2, 2014. Defendant otherwise denies knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.     Defendant denies that Mr. English isolated Plaintiff or shifted her duties to Mr. Irving, the student employee.  Defendant further denies that Mr. English notified Mr. Irving and not Plaintiff of his whereabouts and absences from the office.   Defendant otherwise denies knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.     Defendant admits that Plaintiff sent an email to Mr. English on or about June 20, 2014, wherein Plaintiff asked whether she had been replaced as the Assistant Systems Manager. Defendant further admits that Plaintiff posed the same question again by email on June 23, 2014.   Defendant admits that Mr. English did not respond to Plaintiff's specific question.

54. Defendant denies knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55. Defendant admits that Plaintiff sent an email to the USAO Human Resources Officer (HRO) Cheryl Lykens, copying Mr. English and Ms. Archer, on or about June 27, 2014, which reported Plaintiff was sick and would not come into the office on that day. Defendant further admits that Mr. English replied to Plaintiff's email and indicated Plaintiff needed to call both of his phones in this situation. Defendant denies the remaining allegations in Paragraph 55 of Plaintiff's Complaint.

56. Defendant denies Plaintiff's assertion that "Mr. English's unwritten policy taking sick leave apparently only applied to Ms. Almanza." Defendant otherwise denies knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendant denies knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58. Defendant admits that Plaintiff attended a meeting with Ms. Archer and Ms. Harr on or about July 2, 2014. Defendant denies the remaining allegations contained in Paragraph 58 of Plaintiff's Complaint.

59. Defendant admits that, during a meeting on or about July 2, 2014, Ms. Archer and Ms. Harr met with Plaintiff and discussed, among other things, the vacant litigation support position. Defendant admits that Plaintiff did not express any interest in occupying that position. Defendant otherwise denies knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.    Defendant admits that Mr. English sent an email to Plaintiff on or about July 3, 2014, which delineated her assigned tasks and priorities. Defendant denies the remaining allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.    Defendant admits that on or about July 2014, Plaintiff was the only female staff member assigned to the IT staff in the USAO. Defendant denies the remaining allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.    Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63.    Defendant admits that Plaintiff was hired as an IT Specialist and was expected to perform GS-12 level IT work in 2014. Defendant further admits that Mr. Irving was a GS-5 IT Specialist in 2014 and was expected to perform IT work and litigation support. Defendant denies the remaining allegations contained in Paragraph 63 of Plaintiff's Complaint.

64.    Defendant admits that Mr. English temporarily re-assigned HelpDesk responsibilities after Plaintiff complained that she was behind in her other tasks and needed to catch up and/or was not fully trained in other areas. Further answering, Mr. English, as Systems Manager, was responsible for assigning tasks and setting priorities within the office – including who would respond to HelpDesk requests. Defendant also admits that Plaintiff asked Mr. English to send a message to all USAO employees and let them know that she is "not supposed to respond to HelpDesk requests so that they understand why [she] is not responding to them." Defendant admits that on August 25, 2014, Mr. English declined Plaintiff's request. Defendant admits that Ms. Archer said it was unnecessary for Mr. English to send the email requested by Plaintiff.

12

65.     Defendant admits that on July 3, 2014, Plaintiff forwarded her email exchange with Mr. English to Ms. Archer and Ms. Harr and indicated that she "specifically said that [she does] not want to be removed from IT but that is what this email insinuates is happening…." Defendant denies knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.     Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.     Defendant admits that on or about July 7, 2014, Plaintiff sent an email to Ms. Archer asking whether "some type of decision [has] been made that [she's] unaware of." Defendant denies the remaining allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.     Defendant admits that there was an email exchange between Plaintiff and Mr. English on or about July 9, 2014, with the subject line "Daily email." Defendant denies the remaining allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.     Defendant admits that on or about July 16, 2014, Plaintiff sent an email to Mr. English, with the subject line "Daily email," wherein she indicated that the "training schedule is unrealistic and needs to be modified." Defendant denies the remaining allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.     Defendant admits, as outlined above in response to Paragraph 27 of Plaintiff's Complaint, Plaintiff was issued a Letter of Reprimand on July 17, 2014. Defendant denies the remaining allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.     Defendant incorporates Paragraph 26 of its Answer as if fully restated herein, and denies the remaining allegations contained in Paragraph 71 of Plaintiff's Complaint.

13

72.     Defendant denies the allegations contained in Paragraph 72 of Plaintiff's Complaint.

73.     Defendant admits that the Executive Office for United States Attorney's EEO Staff reached out to the USAO on August 18, 2014 and August 21, 2014, for the purpose of discussing a potential resolution of Plaintiff's informal complaint.  Defendant further admits that the EEO Staff sent a letter to the USAO dated September 22, 2014, which indicated Plaintiff filed a formal EEO complaint on September 10, 2014.  Defendant denies knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.     Defendant admits, as previously outlined in response to Paragraph 31 of Plaintiff's Complaint, that Ms. Archer was the Grievance Official who denied Plaintiff's grievance of the July 17, 2014 Letter of Reprimand.  Defendant also admits that Ms. Archer's grievance decision was dated August 14, 2014.  Defendant admits that the USAO approved Plaintiff's request to go on a detail to the United States Attorney's Office for the Western District of Wisconsin and provide them with IT-related assistance during the month of August.  Defendant further admits that on August 14, 2014, Plaintiff was on detail at the United States Attorney's Office for the Western District of Wisconsin.

75.     Defendant denies that Plaintiff was the only IT person available to respond at the time to a Help Desk email on or about August 25, 2014.  Defendant admits the remaining allegations in Paragraph 75 of Plaintiff's Complaint.

76.     Defendant admits that on or about August 25, 2014, Plaintiff forwarded her email correspondence with Mr. English to Ms. Harr and asked why she was "being removed from IT duties."  Defendant further admits that on August 25, 2014, Ms. Harr responded,

14

in part, by indicating that Mr. English "is the Systems Manager and your supervisor. He is charged with assigning work to those in the unit to get the jobs done." Defendant denies the remaining allegations in Paragraph 76 of Plaintiff's Complaint.

77.     Defendant admits that an email was sent to the IT help desk on behalf of a supervisory AUSA/member of management and Plaintiff responded to the email, contrary to Mr. English's prior instruction. Defendant admits that on or about August 26, 2014, Mr. English sent an email to Plaintiff and reiterated his prior instruction that she had declined to follow. Defendant denies that Plaintiff "was the only IT person available to help at the time."

78.     Defendant admits that Plaintiff sent an email to Ms. Harr on or about August 26, 2014 and that Ms. Harr responded on the same date and expressed support of Mr. English. Defendant denies the remaining allegations in Paragraph 78 of Plaintiffs' Complaint.

79.     Defendant admits that in September 2014, Mr. English denied Plaintiff's request for routine telework. Defendant further admits that Plaintiff's prior requests for situational telework in the past had been approved. Defendant denies the remaining allegations in Paragraph 79 of Plaintiff's Complaint.

80.     Defendant denies the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.     Defendant admits that Plaintiff had been approved to work a flexible schedule, otherwise known as "any 80" since April 2013. Defendant denies the remaining allegations in Paragraph 81 of Plaintiff's Complaint.

15

82. Defendant admits that Mr. English sent an email to Plaintiff on or about August 28, 2014, with the subject line "Hours and Leave." Defendant denies the remaining allegations in Paragraph 82 of Plaintiff's Complaint.

83. Defendant denies the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84. Defendant denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85. Defendant denies the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86. Defendant admits that on or about August 29, 2014, in response to Mr. English's request for clarification whether she would need to work after hours or weekend work to provide litigation support for an upcoming trial, Plaintiff notified Mr. English that she "was not sure how to anticipate the work hours" since she said this was her initial exposure to the trial preparation assignment. Defendant further admits that on or about August 29, 2014, Mr. English instructed Plaintiff to mirror the proposed schedule of another USAO employee and fill out comp time forms in anticipation of the hours to be worked in support of an upcoming trial. Defendant denies the remaining allegations contained in Paragraph 86 of Plaintiff's Complaint.

87. Defendant admits the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88. Defendant admits that, as outlined above in response to Paragraph 34 of Plaintiff's Complaint, on August 29, 2014, Ms. Harr sent a message to Plaintiff that was intended for Mr. English, which read "Keep it short and simple: you must always respond to a direct request from the senior management. She is deliberately trying to engage you in dialogs, to show you are inconsistent. Short direct responses are best."

16

89. Defendant restates its answer to Paragraph 34 of Plaintiff's Complaint and denies the remaining allegations contained in Paragraph 89 of Plaintiff's Complaint.

90. Defendant denies the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91. Defendant denies the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92. Defendant admits that on or about September 11, 2014, Ms. Almanza's request to attend the Systems Managers National Conference was denied because the USAO Systems Manager, Mr. English, was scheduled to attend. Defendant admits that Plaintiff was approved to attend prior System Managers National Conferences. Defendant denies knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 92 of Plaintiff's Complaint.

93. Defendant denies that Mr. English refused to allow Plaintiff to do her job. Defendant denies knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 93 of Plaintiff's Complaint.

94. Defendant denies knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 94 of Plaintiff's Complaint.

95. Defendant admits that Plaintiff's administrative access to parts of the USAO network, including management files, was limited as a temporary measure "until senior management decide[d] upon a course of action responsive to [her] complaint." Defendant denies the remaining allegations contained in Paragraph 95 of Plaintiff's Complaint.

96. Defendant denies knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 96 of Plaintiff's Complaint.

17

Defendant denies the remaining allegations in the second sentence of Paragraph 96 of Plaintiff's Complaint.

97. Defendant restates its answer to Paragraph 79 of Plaintiff's Complaint and denies the allegations in Paragraph 97 of Plaintiff's Complaint.

98. Defendant admits that on or about September 24, 2014, when Plaintiff returned to the office following office renovations, a network cable became unplugged from the wall during the renovations. Defendant also admits that Mr. English and Ms. Harr came into her office and Mr. English plugged in the network cable. Defendant denies knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 98 of Plaintiff's Complaint.

99. Defendant denies that Plaintiff's office was singled out as the office which may be selected by the new AO. Defendant denies knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of Paragraph 99 of Plaintiff's Complaint. Defendant denies the remaining allegations in the third sentence of Paragraph 99 of Plaintiff's Complaint.

100. Defendant admits the first two sentences in Paragraph 100 of Plaintiff's Complaint. Defendant further admits that Ms. Harr offered to serve as Plaintiff's first level supervisor. Defendant denies the remaining allegations in contained in Paragraph 100 of Plaintiff's Complaint.

101. Defendant admits that Plaintiff cried while in Ms. Harr's office on or about October 8, 2014, but denies the remaining allegations in Paragraph 101 of Plaintiff's Complaint.

102. Defendant denies the allegations contained in Paragraph 102 of Plaintiff's Complaint.

18

103.    Defendant expressly denies that Plaintiff was subjected to a hostile work environment. Defendant further denies the remaining allegations contained in Paragraph 103 of Plaintiff's Complaint.

104.    Defendant denies the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105.    Defendant denies that Plaintiff experienced discrimination, retaliation or harassment in the Knoxville office or anywhere in the USAO. Defendant denies knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 105 of Plaintiff's Complaint.

106.    Defendant denies knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107.    Defendant admits the allegations contained in Paragraph 107 of Plaintiff's Complaint.

108.    Defendant expressly denies that it subjected Plaintiff to harassment, constructive discharge, discrimination, retaliation, or forced Plaintiff to leave her position at the USAO. Defendant denies knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 108 of Plaintiff's Complaint.

109.    Defendant denies knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 109 of Plaintiff's Complaint.

110.    Defendant denies that Plaintiff was subjected to discrimination and/or retaliation while employed at the USAO. Defendant denies knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 110 of Plaintiff's Complaint.

111.  The allegations contained in Paragraph 111 of Plaintiff's Complaint constitute conclusions of law for which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 111 of Plaintiff's Complaint.

112.  Defendant denies the allegations contained in Paragraph 112 of Plaintiff's Complaint.

**CAUSES OF ACTION**
**VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**

113.  Defendant restates its answers to Paragraphs 1 through 112 of Plaintiff's Complaint as if fully set forth herein.

114.  Defendant denies the allegations contained in Paragraph 114 of Plaintiff's Complaint.

115.  Defendant denies the allegations contained in Paragraph 115 of Plaintiff's Complaint.

116.  Defendant denies the allegations contained in Paragraph 116 of Plaintiff's Complaint.

117.  Defendant denies the allegations contained in Paragraph 117 of Plaintiff's Complaint.

**VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT**

118.  Defendant restates its answers to Paragraphs 1 through 117 of Plaintiff's Complaint as if fully set forth herein.

119.  Defendant denies the allegations contained in Paragraph 119 of Plaintiff's Complaint.

120.  Defendant denies the allegations contained in Paragraph 120 of Plaintiff's Complaint.

121.  Defendant denies the allegations contained in Paragraph 121 of Plaintiff's Complaint.

122.  Defendant denies the allegations contained in Paragraph 122 of Plaintiff's Complaint.

123.  Defendant denies the allegations contained in Paragraph 123 of Plaintiff's Complaint.

**RELIEF SOUGHT**
20

124. The remaining assertions under Paragraph 124 of Plaintiff's Complaint are requests for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

WHEREFORE, Defendant denies each and every allegation of material fact set forth in Plaintiff's Complaint not herein before admitted, denied or otherwise modified.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted with respect to some or all of her claims.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to timely exhaust her administrative remedies with respect to some or all of her claims.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to make a prima facie showing of discrimination and, even if she did, all actions taken by Defendant with respect to Plaintiff's employment were taken for legitimate, non-discriminatory reasons, which were not a pretext for unlawful discrimination.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they were not filed within the applicable statutes of limitations and/or administrative filing periods.

### FIFTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

### SIXTH AFFIRMATIVE DEFENSE

21

Defendant is without legal responsibility for any injuries sustained by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff may have failed to mitigate her damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they were not alleged or encompassed in the administrative charged filed by Plaintiff.

## NINTH AFFIMRATIVE DEFENSE

Defendant reserves the right to assert additional affirmative defenses.

WHEREFORE, Defendant denies that it engaged in any unlawful conduct. Defendant respectfully requests that the Court dismiss this case with prejudice and that judgment be awarded in favor of Defendant, together with costs and such other and further relief as the Court deems appropriate in this case.

Respectfully submitted,

LORETTA E. LYNCH
ATTORNEY GENERAL

CARTER M. STEWART
UNITED STATES ATTORNEY

s/ Christopher R. Yates
CHRISTOPHER R. YATES (0064776)
Special Attorney
Assistant United States Attorney
Attorney for Defendant
303 Marconi Blvd., Suite 200
Columbus OH  43215-2326
(614) 469-5715
Fax: (614) 469-5240
christopher.yates@usdoj.gov

-AND-

22

BRANDI M. STEWART
Special Attorney
Assistant United States Attorney
Attorney for Defendant
200 West 2nd Street, Suite 600
Dayton, OH 45402
(937) 225-2910
brandi.stewart@usdoj.gov

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 2, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Jennifer B. Morton, Esq. and Maha M. Ayesh, Esq., Counsel for Plaintiff.

s/ Brandi M. Stewart
BRANDI M. STEWART (0082546)
Assistant United States Attorney

23