UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MICHELLE ALMANZA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CV-389-TAV-HBG |
| | ) | |
| | ) | |
| JEFF SESSIONS, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The parties appeared telephonically before the Court on August 18, 2017, over a number of discovery disputes. Attorney Jennifer Morton appeared on behalf of the Plaintiff. Attorneys Brandi Stewart and Christopher Yates appeared on behalf of the Defendants. During the telephonic conference, the parties stated that they disagreed over the relevant time period with respect to the discovery requests. The Plaintiff argued that she was entitled to discovery two to three years before and after the liability period. At this time, the Court finds that all discovery **SHALL** be limited to January 1, 2012, the date that Chris English was hired, to December 28, 2014, which is approximately a month after the Plaintiff's alleged constructive discharge. The Court finds this limitation proportional to the needs of this case because it spans through the entire time that Chris English was the Plaintiff's supervisor. *See* Fed. R. Civ. P. 26(b).

Further, the parties disagreed as to whether the Defendants were required to produce personnel files of the employees. The Defendants stated that they provided the personnel files of

eight employees. The Plaintiff argued that Mr. English kept notes about the Plaintiff that are not included in the official personnel file. The Defendants agreed to produce the other files kept by Mr. English. The Defendants **SHALL** produce the files kept by Mr. English, Jane Archer, William Killian, and Nancy Harr that relate to the Plaintiff's allegations about Mr. English, even if the documents are not located in the official personnel files. Moreover, the Defendants **SHALL** produce the personnel files for John Mobius, Robert Irving, and Will Heckman. Further, the Defendants **SHALL** produce the tour of duty schedules for Mobius and Karen Minser.

In addition, the Defendant agreed to produce vacancy announcements and job postings, if such documents exist. With respect to the EARS Review, the Plaintiff explained that it was a performance audit of the office performed by an outside organization in 2016. The Defendants are **INSTRUCTED** to determine whether the EARS Review addresses performances during the relevant time period described above. The Defendants **SHALL** notify the Court and the Plaintiff of their determination within fourteen (14) days of entry of this Order. The Court will then determine whether an in-camera review is necessary.

As a final matter, the Court observes that the primary dispute between the parties was the temporal scope of the discovery requests. Given that the Court has ordered a specific time frame for discovery requests, the parties are encouraged to work together to resolve any remaining discovery disputes. If the parties are unable to resolve further discovery disputes, they **SHALL** contact Chambers for another informal discovery dispute or a hearing.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge