IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHELLE L. ALMANZA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIV. NO.: 3:15-cv-389 |
| ) | (VARLAN/GUYTON) |
| JEFFERSON B. SESSIONS III, ) | |
| Attorney General, ) | |
| United States Department of Justice, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO ORDER ON SCOPE OF DISCOVERY

On September 5, 2017, this Court filed an Order addressing the parties' discovery disputes and instructing Defendant United States Department of Justice ["DOJ"] to notify the Court as to whether the 2016 "EARS Review" of the U.S. Attorney's Office in the Eastern District Tennessee ["USA-EDTN"] addresses management performances during the period between January 2012 and December 2014. [Doc. 18] On September 14, 2017, DOJ filed its Response to Order on Scope of Discovery, attaching the Declaration of William R. Chambers, Jr. [Doc. 20 & 20-1] Plaintiff Michelle Almanza, through counsel, replies herein to DOJ's response, and asks this Court to Order production of the 2016 EARS evaluation for the USA-EDTN office. Attached in support of this reply is the Declaration of Michelle Almanza [Exhibit 1], together with documents from DOJ's website related to the scope and purpose of the EARS review program. [Exhibit 1-A]

In his declaration, Mr. Chambers explains that every four years the EARS program evaluates management performance in all United States Attorney's Offices. However, he

describes the 2016 EARS review of USA-EDTN as reflecting only a snapshot in time "precisely during the calendar date and time that the evaluation is conducted." [Doc.20-1, ¶8] Although the 2016 EARS report may reflect a snapshot in time during the one-week review, it is not limited to a snapshot in time, but covers the period from the last EARS report in 2011 to the date of the 2016 report. [See Exhibits 1 & 1-A: Almanza Declaration with attached DOJ documents] For example, the EARS guidelines for reviewers and sample interview questions are crafted to solicit information from employees about the work environment broadly without a time limitation. [See Exhibit 1-A, pp. 7, 11-12, 23, 26-27] Indeed, it would be silly for interviewers to ask, "are you aware of any morale problems *this week*?" Or, "have you had any problems with management or administrative support *this week*?"

The EARS mission statement, guidelines, interview questions, and document preservation parameters reflect that interviewers conduct thorough evaluations of management performance encompassing the four-year period between each EARS review. For example, guidelines instruct EARS staff to prepare for interviews by reviewing materials, such as information about EEO management within the office, as well as the "Previous Evaluation Report, U.S. Attorney Response, and Follow-up Report." [Exhibit 1-A, pp. 5-6, 13] Likewise, interview questions focus on change, for better or worse, since the last EARS evaluation. [*Id.*, at pp. 7-8, 11, 15-16, 19, 28] There is nothing in the attached EARS material to suggest that an evaluation would focus narrowly on a period "precisely during the calendar date and time that the evaluation is conducted." [Doc.20-1, ¶8] Such an interpretation also contradicts Ms. Almanza's experience as a participant in the EARS review process in two separate U. S. Attorney's Offices in 2011 and again in 2017. [Exhibit 1: Almanza declaration, ¶¶3, 6]

Consistent with Ms. Almanza's first-hand experience and the attached DOJ documents, the 2016 EARS Review of the USA-EDTN office should contain information about management performance during the period between January 2012 and December 2014. Based on the supporting evidence and the broad scope of Federal Rule of Civil Procedure 26 governing discoverability of information in discrimination and retaliation cases, Plaintiff Almanza asks this Court to Order the defendant to produce the 2016 EARS report, with supporting interview notes and surveys, subject to the protective order governing this case.

Respectfully submitted:

s/*Jennifer B. Morton*
Jennifer B. Morton, BPR #015585
Maha M. Ayesh, BPR #025244
**Jennifer Morton Law, PLLC**
8217 Pickens Gap Road
Knoxville, TN 37920
(865) 579-0708

*Attorneys for Michelle Almanza*

## CERTIFICATE OF SERVICE

I hereby certify that on September 19th, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access the filing through the Court's electronic filing system.

/s/ *Jennifer Morton*
Jennifer Morton