UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| MICHELLE ALMANZA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CV-389-TAV-HBG |
| | ) | |
| JEFF SESSIONS, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The parties appeared telephonically before the Court on October 4, 2017, for a status conference regarding discovery. Attorney Jennifer Morton appeared on behalf of the Plaintiff. Attorneys Brandi Stewart and Christopher Yates appeared on behalf of the Defendant.

During the telephonic conference, the Plaintiff reported that the Defendant was still producing documents and that she expected to receive additional documents this week. With respect to any remaining discovery issues, the Plaintiff stated that she disagreed with the Court's previous Order limiting the temporal scope of discovery from January 1, 2012, to December 28, 2014. The Court observes that the Plaintiff originally requested that the Court order the Defendant to produce documents starting when Mr. English arrived in January 2012 to the present. During the October 4 telephonic hearing, the Plaintiff explained that the person who replaced her was not hired until eighteen months later and that she needed discovery to review the individual's job duties. The Defendant responded that the Plaintiff has the individual's personnel file. The Plaintiff also mentioned a complaint made by another employee against Nancy Harr that is relevant and

that occurred after the alleged constructive discharge. The Defendant agreed to identify the position of the employee who made the complaint and the nature of the compliant. The Court **ORDERS** the Defendant to provide the name of the employee but admonishes the parties that such information is protected by the Protective Order. Finally, the Plaintiff states that other cases have allowed plaintiffs to discover information after the adverse employment action. While the Court acknowledges that other cases have allowed such discovery, the Court observes that the only allegation in the instant Complaint that relates to the time period after the alleged constructive discharge is that the Plaintiff's office was given to the student who had taken over her IT duties. [Doc. 1 at ¶ 99]. Again, the Plaintiff has this individual's personnel file. If the Plaintiff can provide specific reasons as to why additional discovery beyond the date of the alleged constructive discharge is relevant, the Court will revisit the parameters of discovery at the October 31 status conference.

In addition, Plaintiff's counsel requested that the Plaintiff have access to the documents I a database that were produced by the Defendant. The Defendant proposed that the parties enter an agreed protective order regarding the parameters of Plaintiff's access. The parties agreed to resolve this issue without the Court's involvement. If the parties are unsuccessful, they should be prepared to address this issue at the October 31 status conference. Further, the Court instructs the parties to work together on scheduling depositions and to allow both parties adequate time to review discovery before the depositions proceed. In addition, the Defendant stated that the Mission Statement [Doc. 21-1] should be filed under seal, and the Plaintiff responded that she had no objection with placing the document under seal. Accordingly, the Clerk of Court is **DIRECTED** to place Doc. 21-1 under seal.

Further, the Plaintiff requested Defendant's litigation hold letter because there was some information that documents had been destroyed or modified. The Defendant stated that he provided the date that the litigation hold letter was sent but that the letter was privileged. The Court granted the Plaintiff leave to file a motion showing what specific documents were destroyed and/or modified. If the Plaintiff chooses to file a motion, the Court will then consider whether the Plaintiff is entitled to the litigation hold letter. *See Little Hocking Water Ass'n, Inc. v. E.I. Dupont de Nemours & Co.*, No. 2:09-CV-1081, 2013 WL 5311292, at *3 (S.D. Ohio Sept. 20, 2013) (noting that hold letters are generally privileged but may become a proper subject of discovery if spoliation occurs). Finally, as mentioned above, the Court scheduled another telephonic status conference for **October 31, 2017, at 10:00 a.m.,** to address any remaining discovery disputes.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge