UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHELLE ALMANZA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:15-CV-389-TAV-HBG |
| | ) |
| JEFF SESSIONS, Attorney General, | ) |
| United States Department of Justice, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The parties appeared telephonically before the Court on October 31, 2017, for a status conference regarding discovery. Attorney Jennifer Morton appeared on behalf of the Plaintiff. Attorney Brandi Stewart appeared on behalf of the Defendant.

During the telephonic conference, the Plaintiff inquired about the status of production with respect to all files kept by Chris English, Jane Archer, William Killian, and Nancy Harr that relate to the Plaintiff's allegations regarding Chris English. The Defendant reported that Killian and Harr did not keep files but that they corresponded by email. The Defendant stated that such emails would be produced and that English's and Archer's files have already been produced. The Plaintiff also inquired as to the personnel files for John Mobius, Robert Irving, and Will Heckman, and the Defendant stated that all files have been produced and email communications will be produced.

Further, the Plaintiff requested David Woodward's personnel file and the vacancy announcement for his position. The Plaintiff explained that Woodward's position is designated as GS-12, which is the same as the Plaintiff's designation. The Defendant stated that he had already

produced the vacancy announcement for Woodward's position but would confirm. The Defendant objected to producing Woodward's personnel file. The Defendant stated that Woodward was hired on January 22, 2017. Accordingly, the Court finds Woodward's personnel file irrelevant to the allegations in this case because Woodward was hired more than two years after the Plaintiff's alleged constructive discharge.

In addition, the Plaintiff requested Defendant's legal hold information, explaining that she has information that documents have been modified or destroyed. The Defendant stated that he would like to submit a written response to the Plaintiff's allegations and would do so on or before November 10, 2017. Accordingly, the Court will address this issue at the next telephonic status conference, as discussed below.

Further, the Plaintiff requested that the Court expand the temporal scope of discovery. In its September 5, 2017 Order, the Court limited discovery to January 1, 2012, the date that English was hired, to December 28, 2014, a month after the Plaintiff's alleged constructive discharge. In its October 10, 2017 Order, the Court stated that it would revisit its limitations on discovery, if the Plaintiff could provide specific reasons as to why additional discovery is relevant. The Plaintiff stated that she needs electronic communications reflecting the day-to-day activities and duties of other employees and contractors, evidence relating to different policies and practices, and daily reports that were required of IT personnel. The Court finds such information not relevant and not proportional to the needs of this case. The Plaintiff alleges that her work duties were altered, she was given less desirable job duties, and unreasonable assignments and that her younger male employees were given her IT-related job duties. The temporal scope limitation allows the Plaintiff to discover evidence relating to such allegations, and the Court finds further discovery unwarranted at this time.

Further, the Plaintiff inquired as to the status of producing the EARS review. During the August 18, 2017, telephone conference, the Plaintiff explained that the EARS review is a performance audit of the office performed by an outside organization in 2016. The Defendant filed the Declaration of William R. Chambers, Jr., [Doc. 20-1], which provides that "there is absolutely no fact, statement, statistic, or reference in the 2016 EARS Report for the Eastern District of Tennessee addressing the performance of any employee of the United States Attorney's Office of the Eastern District of Tennessee for the relevant time period of January 1, 2012, through and including December 28, 2014." The Plaintiff responded [Doc. 21] that based on her "participation in the process, and from the information posted on the DOJ website . . ., [she] believes the EARS review for the Eastern District of Tennessee office reflects not only a snapshot of the office during the week it is evaluated, but should also contain information relevant to the management performance during the period 2012 through December 2014." The Court finds that the Declaration of Chambers is sufficient to establish that the EARS report does not contain information pertaining to the allegations in the Complaint. Accordingly, the Court will not order the production of the EARS report, nor will it conduct an in-camera review.

Finally, the Defendant stated, and the Plaintiff acknowledged, that he produced additional documents on October 27, 2017. The Plaintiff stated that the status of her discovery requests is unknown since she has not had time to review the recent document production. Accordingly, the Court scheduled another telephonic status conference for **November 14, 2017, at 1:30 p.m.,** to address any remaining discovery disputes.

**IT IS SO ORDERED.**

ENTER:

*[signature: Bruce Guyton]*
United States Magistrate Judge