IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHELLE L. ALMANZA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERSON B. SESSIONS, III,<br>Attorney General, United States Department of Justice,<br><br>Defendant. | CIV. NO.: 3:15-cv-389<br>(VARLAN/GUYTON) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE NO. 3**

Plaintiff's motion *in limine* No. 3 is a shell game. For example, while professing the sanctity and secrecy of her personal use of a Government owned and issued desktop computer, Plaintiff simultaneously offers as evidence her personal use of a Government owned and issued desktop computer. *See* Pl.'s Resp. in Opp'n to Def.'s Mot. for Summ. J., ECF No. 44, Decl. of Michelle Almanza, ECF No. 44-2, at PageID 2924, 2946-51, ¶90, ("Attached as Exhibit 7 are some emails and Instant Messages…" DOJ-03295, -03276, -03187–03189, and -03192); Pl.'s Rule 26(a)(3) Pre-Trial Disclosures, ECF No. 59, at PageID 4532, fn. 1 ("Plaintiff expects to introduce at trial the exhibits she filed in support of her motion for summary judgment, which are included in this exhibit list."); *see also* Pl.'s Mot. *in limine* No. 3, ECF No. 62, at PageID 4583 (Mischaracterizing the content, or Plaintiff's use of a Government owned and issued desktop computer as; "Ms. Almanza's private 'instant message' exchanges between herself and friends").

While decrying the revelation of her expressed contempt of her chain of command as not relevant (FRE 401), inadmissible (FRE 402), and unfairly prejudicial (FRE 403), Plaintiff fails to juxtapose those very rules of evidence to the singular claim in this case to survive motion for

summary judgment. A search for the word "retaliation" within Plaintiff's motion *in limine* No. 3 – much less the *prima facie* elements and shifting burdens – turns up "[n]o matches were found."

"Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *see also Morrison v. Stephenson*, No. 2:06-CV-283, 2008 WL 343176, at *1 (S.D. Ohio Feb. 5, 2008) ("Courts . . . are generally reluctant to grant broad exclusions of evidence *in limine,* because "a court is almost always better situated during the actual trial to assess the value and utility of evidence.").

In its "Memorandum Opinion & Order," this Court spoke to the *prima facie* elements of a claim of retaliation, noting "[w]ith regard to causation, a plaintiff establishes a causal connection in a retaliation case by proffering evidence 'sufficient to raise the inference that her protected activity was the likely reason for the adverse action.' *EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 861–62 (6th Cir. 1997) (citing *Simmons v. Camden Cty. Bd. of Educ.*, 757 F.2d 1187, 1189 (11th Cir. 1985) (finding the causal link element merely requires a plaintiff to establish that the protected activity and the adverse action were not 'wholly unrelated'))." ECF No. 65, at PageID 4647.

Thus, it is relevant, admissible, and not prejudicial to apprise a jury that Plaintiff's derision of her chain of command, manifesting as name-calling and insubordination, rebuts "the inference that her protected activity was the likely reason for the adverse action."

This Court likewise engaged in a thoughtful "[p]retext [a]nalysis," pursuant to the burden shifting inherent in the claim of retaliation:

> Defendant argues that the allegedly adverse treatment plaintiff suffered in August and September 2014 was instead a series of reasonable management decisions within the discretion of her supervisor. Defendant notes that assignment to a trial is within plaintiff's position description, that she is not entitled to a flexible work schedule, and that increased

scrutiny and reprimands were justified in light of her conduct at the time and her history of insubordinate behavior.

*See* "Memorandum Opinion & Order," ECF No. 65, at PageID 4649, "2. Pretext Analysis."

By the standard this Court recited as Defendant's burden to show "reasonable management decisions," untainted by retaliatory motive, the challenged evidence is relevant and therefore admissible to substantiate Plaintiff's oft-shared condescension of Defendant management.[1] This animosity manifested as Plaintiff's insubordinate behavior to which Defendant management reasonably responded. It is precisely those "reasonable management decisions" that Plaintiff chooses to characterize as "adverse" and "retaliatory" action.

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's motion *in limine* No. 3.

---

[1] *See* Archer Dep. at 122:17–125:2, Ex. 3 ("I conducted a follow-up conversation with Michelle concerning the statement of calling him bi-polar."); 187:4-8; 308:22-23 ("She did call him bipolar once in a meeting."); 309:2-12 (Plaintiff loudly calling Mr. English "bi-polar" amidst a meeting with Mr. English's boss, AO Jane Archer); *see also* Almanza Dep. at 165:16–170:2 (Plaintiff's instant messages to "Mike Vasquez," "the top-level IT person for the D.C. District," sharing her opinion that Mr. English "screws up work," "blames others," and that "[f]olks at [the Executive Office for United States Attorneys] ask [Plaintiff] of him all the time, think he's a complete idiot."); *Id.* at 112:1-5, 114:3-12, 114:24–115:8, 118:10-21, 119:16-25, 125:9-13, 127:14-23, 129:6-16, 134:1-3, 135:20–136:6 (Plaintiff's whisper campaign amongst District attorneys, support staff, and administrative personnel, current and retired, that their IT Systems Manager is an "idiot" and a "twit.")

Respectfully submitted,

JEFFERSON B. SESSIONS, III
UNITED STATES ATTORNEY GENERAL

BENJAMIN C. GLASSMAN,
UNITED STATES ATTORNEY

| | |
|---|---|
| s/Christopher R. Yates | s/Brandi M. Stewart |
| CHRISTOPHER R. YATES (0064776) | BRANDI M. STEWART (0082546) |
| Special Attorney, | Special Attorney, |
| Assistant United States Attorney | Assistant United States Attorney |
| 303 Marconi Boulevard, 2nd Floor | 200 West 2nd Street, Suite 600 |
| Columbus, Ohio 43215 | Dayton, Ohio 45402 |
| (614) 469-5715 | (937) 225-2910 |
| christopher.yates@usdoj.gov | brandi.stewart@usdoj.gov |
| Counsel for Defendant | Counsel for Defendant |

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Jennifer B. Morton, Esq. and Maha M. Ayesh, Esq., Counsel for Plaintiff.

                                                    s/Christopher R. Yates
                                                    CHRISTOPHER R. YATES (Ohio 0064776)
                                                    Assistant United States Attorney