IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHELLE L. ALMANZA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERSON B. SESSIONS, III,<br>Attorney General, United States Department of Justice,<br><br>Defendant. | CIV. NO.: 3:15-cv-389<br>(VARLAN/GUYTON) |

This Settlement Agreement and General Release ("Agreement"), is entered into by and between Michelle L. Almanza ("Plaintiff"), and Jefferson B. Sessions, III, Attorney General, United States Department of Justice ("Defendant"), collectively herein referred to as the "Parties."

**WHEREAS** Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise claims and issues that have been raised, or could have been raised, arising out of Plaintiff's employment with Defendant, which have transpired prior to the execution of this Agreement, and

**WHEREAS** Plaintiff has commenced litigation in the United States District Court for the Eastern District of Tennessee, identified as Civil Action No 3:15-cv-389.

**NOW, THEREFORE**, in consideration of the mutual promises contained herein, and other good and valuable consideration, receipt of which is hereby acknowledged, and to avoid unnecessary litigation, it is agreed as follows:

1

FIRST: After full and open discussion, and subject to subsection e. of the FIFTH paragraph, the parties hereby mutually release and forever discharge one another, their past and present respective officers, agents, and employees, from any and all claims, remedies, demands, suits, rights, damages, union grievances, charges, administrative remedies (including but not limited to equal employment opportunity complaints (EEO), and Merit System Protection Board (MSPB) or Equal Employment Opportunity Commission (EEOC) filings), and causes of action of any and every kind, nature, and character, known and unknown, which the parties may now have or have ever had against one another, or any of their officers, agents, and employees, which arose in whole or in part from Plaintiff's employment relationship with Defendant, and which are based upon incidents, occurrences, or actions taking place prior to the execution of this Agreement ("Claims"), except as otherwise provided herein.

SECOND: This Agreement shall not in any way be construed as an admission by Defendant that it has acted wrongfully with respect to Plaintiff, that there was any liability or wrongdoing on the part of Defendant with regard to Plaintiff, and Defendant specifically disclaims any liability to or wrongful acts against Plaintiff on the part of it, its officers, agents or employees, nor shall this be construed as an admission by Plaintiff of lack of merit of any of her Claims.

THIRD: Defendant agrees to pay NINETY-FIVE THOUSAND DOLLARS ($95,000.00) (the "Settlement Sum") by Electronic Funds Transfer (EFT) to counsel for Plaintiff, Jennifer Morton, Esq., FBO Michelle L. Almanza. Counsel for Plaintiff agrees to provide the remaining banking information requested by the United States to effectuate the transfer, including Name of Bank, Street Address of Bank, City, State and Zip Code of Bank, Federal Reserve Number, Routing Number, Name of Account, and Account Number. Plaintiff's attorney agrees to

2

distribute the settlement proceeds to Plaintiff, and the Parties agree to notify the court in a joint status report that all claims, except for Plaintiff's claim for attorneys' fees and costs, have been resolved subject to this agreement, including the claim remaining for the court to resolve as part of the above-captioned action 3:15-cv-389. Further, the parties acknowledge that $32,000 of the Settlement Sum constitutes the jury verdict that Plaintiff obtained at trial in the above-captioned action 3:15-cv-389 (Doc. Nos. 105, 114). Plaintiff will be solely responsible for her portion of any taxes assessed against her as a result of the tax treatment of the settlement payment, whatever that might be. The payment will be reported to the Internal Revenue Service ("IRS") on a Form 1099-Misc in Michelle Almanza's name.

FOURTH: Defendant agrees to restore three weeks of annual leave to Plaintiff.

FIFTH: Plaintiff agrees to:

a. Withdraw all her pending Claims against the Defendant in every forum, including the claims pending before the Eastern District of Tennessee, with the exception of Plaintiff's claims for attorneys' fees and costs as further explained in subsection e. to this paragraph.

b. Withdraw her pending actions against the Defendant in every forum, including the Individual Right of Action (IRA) appeal and underlying claims brought pursuant to the Whistleblower Protection Enhancement Act pending before the Merit System Protection Board, Docket Number: AT-1221-16-0232-W-4.

c. Forego refile of the IRA Merit System Protection Board, Docket Number: AT-1221-16-0232-W-4, or any other matter, that would be captioned AT-1221-16-0232-W-5.

d. Submit the Joint Stipulation of Dismissal of Plaintiff's IRA appeal and underlying claims to the MSPB within seven (7) days after Plaintiff's receipt of the Settlement

Sum and annual leave, described in the Third and Fourth paragraphs above. Plaintiff acknowledges that her failure to timely submit the Joint Stipulation of Dismissal to the MSPB may be considered a breach of this Agreement and could result in the forfeiture of the Settlement Sum.

e. Notwithstanding anything else in this Agreement, the parties agree that Plaintiff retains the right to file a Motion for the Award of Attorneys' Fees and Expenses in the district court for the Eastern District of Tennessee in her pending lawsuit identified as Civil Action No 3:15-cv-389.

SIXTH: Any dispute over attorneys' fees and costs incurred in the drafting of this Agreement will be addressed to the district court as part of the fee litigation.

SEVENTH: Subject to subsection e. of the FIFTH paragraph of this Agreement, the Parties expressly acknowledge that this Agreement is intended to effect, without limitation, a full and final release of all Claims, known or unknown, undisclosed or unanticipated, which may have arisen, or may arise from Plaintiff's employment relationship with Defendant prior to the date of this Agreement, including, but not limited to, any alleged violation of Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; and the Age Discrimination in Employment Act of 1967. The Plaintiff acknowledges that different or additional facts may be discovered in addition to what she knows or believes to be true with respect to the Claims released, and that she agrees that this Agreement will remain in effect in all aspects as a full and final release of the Claims, notwithstanding different or additional facts.

EIGHTH: Plaintiff represents that she is the sole possessor of the Claims being released and that she has not assigned or otherwise transferred any Claims.

4

NINTH: Plaintiff agrees that at no time after the date of this Agreement will she commence, maintain, or prosecute any action, at law or otherwise, or assert any Claim against Defendant that has been released, and/or execute or enforce any judgment against Defendant that has been released, for damages, losses or for equitable relief related to the Claims released. Plaintiff does not waive any right to pursue claims that may arise after the date of this Agreement.

TENTH: Plaintiff understands and agrees that this Agreement shall bind and be binding upon her heirs, personal representatives, spouse, executors, administrators and assigns.

ELEVENTHTH: This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the Parties hereto.

TWELFTH: The Parties agree that should any provision of this Agreement be declared or determined by any court to be illegal, invalid or unenforceable, the remainder of the Agreement shall nonetheless remain binding and in effect.

THIRTEENTH: This Agreement constitutes the full and complete agreement between the Parties and fully supersedes any and all prior agreements or understandings between the Parties pertaining to the subject matter hereof. There are no oral side agreements or understandings. No other promises or agreements shall be binding unless signed by the Parties.

FOURTEENTH: The Parties agree that should a dispute arise regarding the implementation of this Agreement, the party alleging the breach or violation of the Agreement will notify the other party's attorney, as designated in this document below, in a writing that provides sufficient information concerning the nature of the alleged breach or violation, and will allow 30 (thirty) days for the opposing party to cure or otherwise address the alleged breach or violation. It is the intent of this subparagraph to allow the parties a reasonable time to correct

any real or perceived difficulties arising from the implementation of this Agreement prior to taking any further action. It is further agreed that in the event of any dispute concerning the terms of this Agreement, or the implementation of the terms thereof, contract law applies to the interpretation of this agreement

FIFTEENTH: Plaintiff represents and agrees that she is of legal age and mentally competent to execute this Agreement and fully understands her right to discuss this Agreement with an attorney; that to the extent, if any, she desired, she has availed herself of this opportunity; that she has carefully read and fully understands all the provisions of this Agreement; and that she is voluntarily entering into this Agreement with full understanding of its legal consequences and without any duress or pressures.

SIXTEENTH: In consideration of the foregoing, the parties hereby agree to prepare and file stipulations seeking dismissal with prejudice of the claims and pending actions identified in and resolved by this agreement, including any and all EEO or EEOC complaints, MSPB appeals, and all other pending administrative complaints or grievances, related to the Claims released, but not including Plaintiff's claim for attorneys' fees and expenses pending in her federal lawsuit identified as Civil Action No. 3:15-cv-389.

SEVENTEENTH: The Parties agree that the terms of this Agreement are binding only on the Parties themselves and are based on specific circumstances related to this matter alone. No precedent is established by this Agreement.

SO AGREED.

Dated: 9/13/18

_Michelle L. Almanza_
Michelle L. Almanza
Plaintiff

Dated: 9/14/18

_Jennifer B. Morton_
Jennifer Morton, Esq.
Attorney for Plaintiff
As witness only

Dated: 9.14.18

_[signature]_
Maha Ayesh, Esq.
Attorney for Plaintiff
As witness only

Dated: 9/14/18

_Brandi M. Stewart_
Brandi M. Stewart
Special Attorney,
Assistant United States Attorney
United States Attorney's Office
Southern District of Ohio
Attorney for Defendant

Dated: 9/14/2018

_Christopher R. Yates_
Christopher R. Yates
Special Attorney,
Assistant United States Attorney
United States Attorney's Office
Southern District of Ohio
Attorney for Defendant