UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MICHELLE ALMANZA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-CV-389-TAV-HBG |
| ) | |
| WILLIAM BARR, Attorney General, ) | |
| United States Department of Justice, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Lift Stay and Re-open Discovery [Doc. 122] and Defendant's Motion for Leave to File Supplement to Defendant's Objection to Plaintiff's Motion to Lift Stay and Re-Open Discovery with the Declaration of William Turner ("Motion to Supplement") [Doc. 125]. The parties appeared before the Court on October 31, 2018, for a motion hearing. Attorneys Jennifer Morton and Maha Ayesh appeared on behalf of Plaintiff. Attorneys Christopher Yates and Brandi Stewart appeared on behalf of Defendant.

As an initial matter, Plaintiff did not object to Defendant's Motion to Supplement, and therefore, the Motion [**Doc. 125**] is **GRANTED**, and the Court has considered the Declaration of William Turner in its analysis below. Accordingly, for the reasons more fully explained below, the Court finds Plaintiff's Motion to Lift Stay and Re-Open Discovery [**Doc. 122**] not well taken, and it is **DENIED**.

**I.     BACKGROUND**

By way of background, the parties proceeded to try this matter before a jury from June 19, 2018, to June 27, 2018, wherein the jury returned a verdict in Plaintiff's favor. Thereafter, the parties requested that the Court stay the matter so that they could engage in mediation in order to resolve the remaining claims. The District Judge stayed the case until October 1, 2018, so that the parties could engage in mediation. The parties were able to resolve the remaining matters, except Plaintiff's request for attorney's fees and costs. The District Judge referred the issue of attorney's fees and costs to the undersigned and continued the stay in this case until the Court ruled on Plaintiff's forthcoming motion for attorney's fees and costs.

Prior to the filing and subsequent briefing of Plaintiff's request for attorney's fees and costs, Plaintiff filed the instant Motion, which the Court addressed at the motion hearing on October 31, 2018. At the motion hearing, the Court also provided a briefing schedule for Plaintiff's request for attorney's fees and costs.[1] The parties have now completed briefing on Plaintiff's request for attorney's fees and costs, and such briefing has aided the Court in its decision below.

The Court will now turn to the parties' position with respect to the instant Motion.

**II.    POSITIONS OF THE PARTIES**

Plaintiff requests [Doc. 122] that she be permitted to serve discovery upon Defendant limited to information relevant to the reasonableness of her claim for attorney's fees and costs. Plaintiff states that the Court previously stayed the case to allow the parties an opportunity to participate in mediation in an attempt to resolve several outstanding claims pending in this Court and in other venues. Plaintiff states that the parties reached an agreement as to the remaining claims, except Plaintiff's request for attorney's fees and costs. Plaintiff explains that the parties

---

[1] The Court notes that the original briefing schedule was amended due to the DOJ's lapse in appropriations.

could not reach an agreement with respect to attorney's fees because Defendant disputed the overall time expended, claiming it was excessive and not proportional to the verdict. Plaintiff asserts that in disputing the overall time that her counsel spent on the case, Defendant has not provided her with information about the amount of time his own attorneys and staff expended for their work in connection with this case. Plaintiff states that the Court has discretion to allow discovery into a non-prevailing party's attorney's time and fees to determine whether the prevailing party's fee request is reasonable.

Defendant filed a Response [Doc. 124], objecting to Plaintiff's request. Defendant asserts that the employees with the Department of Justice ("DOJ") are not required to report the amount of time that they spend working on an individual task. Further, Defendant states that Plaintiff's Motion is premature because whether his attorneys' billing records are relevant depends on the nature of the objections, and the parties have not briefed Plaintiff's request for attorney's fees and costs. Defendant submits that Plaintiff's discovery requests seek information that is irrelevant and not proportional to the needs of this case. Finally, Defendant supplemented his Response with an Declaration of William D. Turner [Doc. 125-1], the Assistant Director of the Data Integrity and Analysis Staff for the DOJ.

Plaintiff filed a Reply [Doc. 125], asserting that Defendant's time records are relevant. Plaintiff states that Defendant does not dispute that his attorneys and legal staff kept records, but instead, Defendant states that they are not *required* to specify the tasks that they performed and *may* have reported time spent by case type rather than by the specific case name. Further, Plaintiff asserts that her request for discovery at this time was made to avoid unnecessary delay in reaching a final resolution of this case. Plaintiff states that the only way Defendant's time records would be irrelevant is if Defendant does not object to the amount of time Plaintiff's counsel spent on the

litigation. Finally, Plaintiff claims that Defendant's time and expense records related to her whistleblower retaliation claim are relevant and proportional.

## III. ANALYSIS

The Court has considered the parties' positions, and for the reasons more fully explained below, the Court **DENIES** Plaintiff's Motion [**Doc. 122**].

As mentioned above, the Court addressed the parties on October 31, 2018, with respect to the instant matter. During the hearing, Plaintiff argued that her discovery requests were limited to three interrogatories and three requests for document production. Defendant maintained that the Motion is premature because during the mediation, they were able to review her fees but not in sufficient detail to make specific objections. Defendant insisted that the relevancy of his attorneys' billing records depends on the nature of his objections and that he has not been able to fully assess the reasonableness of the billing records. Further, Defendant explained that DOJ attorneys do not have accurate billing records. Defendant stated that DOJ attorneys are able to document time spent on a case, but because the DOJ is more concerned with the area of law where the time is spent, DOJ attorneys may not document time in connection with a specific case. Further, Defendant explained that DOJ attorneys do not label the tasks where time is spent. For example, a billing entry will not provide, "Working on a summary judgment brief." Attorney Yates stated that he did not document his entire time in connection with this specific case.

Plaintiff stated that her discovery requests are not limited to DOJ attorneys but includes all document entries to this specific case. Further, Plaintiff argued that expenses should be easy to access, although she was not sure if Defendant will object to expenses and acknowledged that discovery on expenses may be premature.

Several courts have noted that "[b]illing records of [d]efendant's counsel could be relevant to a determination of reasonableness of hourly rates and time expended." *Hawkins v. Ctr. for Spinal Surgery,* No. 3:12-CV-01125, 2017 WL 6389679, at *1 (M.D. Tenn. June 21, 2017) (citing *Falana v. Kent State Univ.*, No. 5:08 CV 720, 2012 WL 6084630, at *4 (N.D. Ohio Dec. 6, 2012) and *Pollard v. E.I. DuPont de Nemours & Co.*, No. 95–3010 M1V, 2004 WL 784489, at *3 (W.D. Tenn. Feb. 24, 2004)). The Western District of Tennessee previously observed that "[t]hree circuits have expressly recognized that the determination [of reasonableness] is within the discretion of the trial court and that it is not an abuse of discretion to refuse discovery of information regarding fees and expenses of opposing counsel." *Davis v. Fid. Techs. Corp.*, 180 F.R.D. 329, 331 (W.D. Tenn. 1998) (citing *Johnson v. Univ. College of Univ. of Alabama in Birmingham*, 706 F.2d 1205, 1208 (11th Cir. 1983); *In Re Fine Paper Antitrust Litigation*, 751 F.2d 562, 587 (3rd Cir. 1984); *Ohio–Sealy Mattress Manufacturing Co. v. Sealy, Inc.*, 776 F.2d 646, 659 (7th Cir. 1985)). In *Johnson v. City of Memphis*, No. 00-2608-STA-TMP, 2012 WL 423597, at *5 (W.D. Tenn. Feb. 8, 2012), the court analyzed other decisions within the circuit and noted that the "relevance of opposing counsel's fee records depended upon the type of objection raised by opposing counsel." *Id*.

Specifically, in a case cited by Plaintiff, *Pollard v. E.I. DuPont de Nemours & Co.*, the court noted that the relevancy of defendant's "counsel's billing records is dependent on the nature of the objections [defendant] raised to [plaintiff's] fee petition." No. 95-3010 M1V, 2004 WL 784489, at *3 (W.D. Tenn. Feb. 24, 2004). The court determined that defendant's "contention that its counsel's billing information is irrelevant . . . without merit" because defendant objected to the excessiveness of the fees requested in the fee petition but cited "no basis for its conclusion that the plaintiff's attorney's time spent in preparation was excessive." *Id.* The court, therefore, held that

5

defendant's "own counsel's time spent in preparing a response to [plaintiff's] petition for fees would serve as a logical yardstick from which to determine the reasonableness of such time expended by the plaintiff's counsel." *Id.*

Given the above guidance, the Court will turn to the issues raised herein. As an initial matter, at the hearing, Defendant represented to the Court that its legal team is not required to account for hours spent on a specific case. Defendant stated that sometimes, DOJ attorneys will include the case where time is spent, but other times they will not because it is not required. As mentioned above, Attorney Yates stated that he did not record his time in connection with this specific case. Thus, even if defense's counsel's billing records were relevant in determining Plaintiff's request, they would be inaccurate at best, serving no useful comparison in determining whether Plaintiff's counsel time spent is excessive.

In any event, however, the Court has reviewed Defendant's response in opposition to Plaintiff's Motion for Attorney's Fees and Costs, and similar to the reasoning in *Hawkins*, the Court finds that defense counsel's "billing records [are] unnecessary to its independent determination of the reasonableness of Plaintiff's attorney's fees." *Hawkins*, 2017 WL 6389679, at *1; *see also Johnson*, 2012 WL 423597, at *5 (finding that defendant's specific objections to the fee request was not a general excessiveness objection but made specific to particular areas, and therefore, disclosure of defense counsel's billing records were not warranted). Here, Defendant has raised specific objections to the amount requested by Plaintiff.

First, in her Motion for Attorney's Fees and Costs, Plaintiff asserts that she sought to settle this case in its infancy, and Defendant responds otherwise, and adds that, in any event, Plaintiff's alleged attempts to resolve this case are irrelevant to the request for attorney's fees. The Court

finds defense counsel's billing records are not necessary or relevant to make a determination if attempted settlement discussions should result in a more favorable award to Plaintiff.

In addition, Defendant objects to Plaintiff's attorney's fees, arguing that one of the main factors in Plaintiff's exorbitant fee request was her aggressive approach to discovery, which necessitated several discovery disputes before the undersigned. Defendant asserts that he produced a significant amount of discovery because Plaintiff requested a significant amount of discovery. The Court is familiar with the discovery approach taken in this case and finds that defense counsel's billing records would not be helpful in determining whether Plaintiff's discovery approach, which Defendant argues increased costs, was proportional to the needs of this case.

Defendant further points to the limited success Plaintiff had in litigating this case and submits that the Court lacks jurisdiction to award attorney's fees on Plaintiff's Merit Systems Protection Board claim. Defense counsel's billing records are not necessary or relevant to determine these issues. Defendant further claims that the billing rates are unreasonable. The Court has vast experience on the rates that are typically applied in the Eastern District of Tennessee and can utilize the evidence that has already been submitted in this case, along with its experience, to determine reasonable hourly rates. *Hawkins*, 2017 WL 6389679, at *2 ("With respect to the requested hourly rates, the Court will use documents already in the record and fee awards in similar cases to evaluate the reasonableness of Plaintiff's request.").

In addition, in Defendant's response, he asserts that the number of hours billed by Plaintiff's legal team is unreasonable. "[A]lthough the billing records of Defendant's counsel could be a useful comparator in determining the reasonableness of the number of hours Plaintiff's counsel expended, "The amount of hours that is needed by one side to prepare adequately may differ substantially from that for opposing counsel." *Hawkins*, No. 3:12-CV-01125, 2017 WL

6389679, at *2 (M.D. Tenn. June 21, 2017) (quoting *Johnson,* 706 F.2d at 1208). Further, the Court has reviewed the nature of Defendant's objections and finds that defense counsel's billing records would not be helpful in disposing of such objections. Specifically, Defendant argues that Plaintiff's legal team spent an unreasonable amount of time creating deposition summaries, the duration of Plaintiff's depositions were excessive, tasks were billed that are more appropriately deemed clerical or administrative costs, Plaintiff's counsel did not exercise billing judgment, and the fees for fees request is unreasonable. Each objection, however, is accompanied by an explanation of why the time spent on the above activities should be discounted. For example, with respect to Defendant's argument that Plaintiff's counsel spent too much time on deposition summaries, Defendant specifically objects to two attorneys billing for time spent instructing a law clerk on how to create a deposition summary and for multiple attorneys preparing deposition summaries. Defendant also objects to Plaintiff's attorneys billing more time for depositions than the length of the deposition. Defendant also includes a chart of the clerical hours that it argues should be eliminated from the award. Furthermore, Defendant asserts that time should be eliminated for work that was not beneficial to Plaintiff's case (i.e., time spent litigating unsuccessful discovery disputes, time spent preparing witnesses that the Court excluded, time spent for depositions that were never conducted, and so forth). The Court finds "[t]hese types of excessiveness objections do not merit disclosure of opposing counsel's billing information." *Johnson*, 2012 WL 423597, at *5.

Defendant also objects to Plaintiff's fees for fees request. Specifically, Defendant argues that Plaintiff should not be awarded the fees associated with the instant Motion, including the discovery requests. Further, Defendant asserts that the Court has consistently applied a 50% reduction with respect to fees for fees. Defendant's counsel's billing records are not relevant to

these arguments. The Court has observed that Plaintiff filed a Supplemental Motion requesting an additional $94,045.40 for reviewing Defendant's response brief and drafting a reply brief in support of her Motion for Attorney's Fees and Costs. With respect to Plaintiff's Supplemental Motion, Defendant has incorporated its previous argument (i.e., a 50% reduction is consistently applied). Further, the parties briefing on the Supplemental Motion relate to whether Plaintiff's attorneys duplicated work, reviewed exhibits that they were already familiar with, and the time it took to research certain issues. These objections are specific, and do not require the Court to review defense counsels' time.

Finally, the Court notes that in Plaintiff's Reply [Doc. 147] to her Motion for Attorney's Fees and Costs, she renews her request to take discovery. She asserts that in determining whether her attorneys have spent too much time on the Motion for Attorney's Fees and Costs, it would be helpful to compare their time spent with that of the DOJ attorneys and staff reviewing Plaintiff's attorneys' billing records and preparing DOJ's response. Further, she asserts that DOJ has argued that her counsel spent excessive time in pursuit of discovery. She concludes that having an idea of the time DOJ attorneys and staff spent on tasks such as reviewing documents, preparing discovery responds, observing depositions, and preparing exhibits for trial would give the Court a better understanding of whether the time spent by her attorneys was excessive. The Court disagrees and notes that the Supreme Court has cautioned that the determination of a reasonable attorney's fee "should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Plaintiff has already requested over $150,000 for litigating fees for fees. In this case, the Court finds it unnecessary to review two sets of billing records in order to determine if one set is reasonable.

## IV. CONCLUSION

Accordingly, for the reasons stated above, Plaintiff's Motion to Lift Stay and Re-Open Discovery [**Doc. 122**] is hereby **DENIED**. The Court will contact the parties to schedule a hearing on Plaintiff's Motion for Attorney's Fees and Costs [Doc. 130] and Supplemental Motion [Doc. 148], which are now fully ripe.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge